By the Court—Robertson, J.
Ho consideration seems to have passed between the maker of the notes in question and the first indorser and payee, Cory, notwithstanding the special indorsement by the latter, making it payable to the Cumberland and Pennsylvania railroad alone, and not to their order, it was still negotiable in their hands. (Leavitt v. Putnam, 3 Comst., 494.) If there had been any defense, therefore, as between the maker and such special payee, it would not have been available against any subsequent transferee of- the note, without notice thereof to each purchaser through whose hands it passed.
The defendant, Rawson, however, is alleged to have lent his responsibility, as maker of the note, to the Fremont and Indiana Railroad Company, to pay the purchase-money of two locomotive engines bought by that company of the Cumberland and Pennsylvania Railroad Company, the indorsees. Such notes Were received in payment, and the purchasers of the engines were discharged from all liability to pay for them. Ho damage ensued to the maker of these notes, by the failure of the engines to correspond with any description, representation or warranty of them. If the maker had paid them he could not recover back the sum paid by reason of. any deficiency in the engines: He is in no better position than the maker of any other note belonging to the Fremont Railroad Company, which they held for value. He is in no better or worse position than if he had originally lent the money *292 to the company with which to pay for the engines. The time the notes had to run was a mere postponement of the day of payment on such loan. The remedy of the defendant is against the company, to be indemnified for the money he has to pay, at their request. The remedy of the company against the vendors of the engines, is by action for fraud, failure of consideration, or breach of warranty. There is no contract outstanding between those two companies, in which the purchaser can avail himself of any failure of consideration.
It is hardly necessary to add, that even if the defendant were only a surety, but by a separate contract, he could not avail himself of any matter which could form the subject of a separate action by his principal, since he could not bind that principal by his elect! jn to employ it as a defense. This is fully settled in the Court of Appeals, in the recent case of Gillespie v. Torrance, (25 N. Y. R., 306; S. C., below, in 4 Bosw., 36.) For these reasons I think the exclusion of the testimony offered was proper and the charge of the Judge correct.
The judgment entered should be affirmed, with costs.